## 10811

### EX PARTE COCKFIELD

### MIDDLETON & CO. v. COCKFIELD *ET AL.*

#### (110 S. E. 393)

1. SUBROGATION—MORTGAGOR HELD NOT ENTITLED TO BE SUBROGATED TO TO RIGHTS OF HOLDER OF MORTGAGE.—Where mortgagor intrusted money to a brother to pay off the mortgage, and the brother obtained an assignment of the mortgage to secure him and another as indorsers on the mortgagor's note delivered to the mortgagee, and assigned the original note and mortgage to a third party without

knowledge as security for advances made, and such third party foreclosed and sold the property, and the first mortgagee, pending an appeal in the foreclosure proceedings, sued on the note held, by it and compelled mortgagor to pay it, *held*, that mortgagor was not entitled to be subrogated to the rights of the plaintiff in the foreclosure, by being required to pay the note given to the mortgagee, since, to entitle him to subrogation against the rights of the plaintiff, it must appear that he has discharged a debt which plaintiff was under an obligation to discharge.

2.   MORTGAGES—MORTGAGOR HELD ESTOPPED TO CLAIM SATISFACTION OF MORTGAGE.—Where mortgagor intrusted a note and cash to a brother to satisfy a mortgage, and the original note and mortgage were assigned to such brother unconditionally, and he transferred them to a third party making advances to him, which third party foreclosed on the land after it had been conveyed by mortgagor, in which proceeding such mortgagor was a party defendant and defaulted, and the original mortgagee sued such mortgagor and recovered on the note given in satisfaction of the mortgage, *held*, that mortgagor was estopped from claiming that the giving of the note to the mortgagee amounted to a satisfaction of the original mortgage in a proceeding under a petition filed by such mortgagor in the foreclosure proceeding to be subrogated to the rights of the plaintiff in the proceeds of the sale of the land.

Before RICE, J., Williamsburg, 1921. · Affirmed.

Suit by Middleton & Co. against H. W. Cockfield and others, in which the named defendant filed a petition claiming to be subrogated against the plaintiff as to the proceeds of a sale of land under foreclosure. From an order dismissing the petition such defendant appeals. Affirmed.

See, also, 113 S. C., 282, 102 S. E., 328.

The order appealed from was as follows:

This matter comes before me on a petition of H. W. Cockfield for an order directing H. O. Britton, clerk of Court for said county, to pay over to the petitioner certain funds in the hands of said clerk heretofore to be paid to the plaintiffs, Middleton & Co., upon the ground that said petitioner is entitled to be subrogated pro tanto to the said funds for certain reasons set out in the petition. The facts in the case are fully disclosed by the record, and I will not

burden this order with them. The Supreme Court has passed upon the issues presented in the case of *Middleton & Co. v. Cockfield et al.,* and they determine that the default of the Farmers' & Merchants' National Bank in assigning the mortgage from H. W. Cockfield, held by said bank, to S. R. Cockfield, enabled the latter to use said mortgage as collateral and obtain money or supplies from Middleton & Co., and was the cause of petitioner having to pay said mortgage to Middleton & Co. after said bank had also received payment for same. The payment to the bank was made with part cash and a note indorsed by said S. R. Cockfield.

It is true that, since the case referred to has been decided, the petitioner has been sued by said bank on the note mentioned, and has had that to pay also, although, from what was said on argument, I do not know as to whether the issues in that case ever went to the Supreme Court. The Supreme Court has decided in effect that Middleton & Co. are entitled to the money they claim. It seems to me that, if the petitioner had any remedy, it was against the bank whose carelessness made possible the fraud upon H. W. Cockfield, and if he has to pay the same debt twice it certainly is not the fault of Middleton & Co. I know of no principle of equity which would take the money from Middleton & Co. and give it to the petitioner. The remedy of the latter was clearly against the said bank, if he had any, and not against Middleton & Co. To grant the petition would in effect be to reverse the judgment of the Supreme Court.

The petition must be dismissed; and it is so ordered.

*Messrs. Arrowsmith & Muldrow,* for appellant.

*Messrs. Stoll & O'Bryan,* for respondents. *Subrogation may be invoked only where party claiming it has an equity to invoke*: 25 R. C. L. 1314; 68 L. R. A. 513; 25 R. C. L. 26.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

The facts of this case are quite complicated, and the dif-
ficulty of readily comprehending them is increased by the
number of parties of the same name connected with the
transaction. J. A. Cockfield is the father of the petitioner,
H. W. Cockfield, and also of S. R. Cockfield. To render
the statement of facts more readily understood we will
refer to them as the father, the petitioner, and the brother.

The father was the owner of a tract of land; on January
16, 1913, he mortgaged it to Farmers' & Merchants' Bank
to secure his note for $1,090.76. On November 3, 1914,
the father conveyed the land to the petitioner, subject to
the bank's mortgage, which the petitioner assumed. On
November 3, 1914, the petitioner mortgaged the land to the
brother to secure his note for $2,500, which the brother
assigned to Home Fertilizer Company before maturity.
On February 2, 1915, the petitioner intrusted his brother
with $223.03 in cash and his note for $901.03, indorsed by
the brother and another, for the purpose of taking up the
note and mortgage which the father had given to the bank
and which the petitioner had assumed. Instead of satisfy-
ing the note and mortgage, the bank assigned them uncon-
ditionally to the brother for the purpose of securing him
and the other indorser upon their obligations as such on the
note for which the note and mortgage were surrendered.

On December 31, 1915, the petitioner mortgaged the land
to the brother to secure his note for $1,831.84, which was
assigned by him to the bank before maturity. On February
26, 1916, the brother, claiming to be the absolute owner of
the note and mortgage given by the father to the bank, and
by the bank assigned to the brother to secure his indorsement
of the $901.03 note, assigned said note and mortgage to

Middleton & Co. as security for advances to be made him during the year 1916. Middleton & Co. took the assignment in good faith, without notice of the agreement between the brother and the bank, relying upon the unconditional assignment to the brother and his statement that he was the absolute owner. On January 17, 1917, M. B. Joye (presumably the grantee of the petitioner) mortgaged the land to the brother to secure his note for $5,000, which was assigned at once to the bank.

Thereafter the brother died, and Middleton & Co. instituted an action to foreclose the mortgage first referred to, that of the father to the bank, assigned by the bank to the brother, and by him to Middleton & Co.

The defendants in this action were the father, the petitioner, the bank, and the Home Fertilizer Company. The father and the petitioner filed no answers. The other defendants answered, claiming that the mortgage upon which Middleton & Co. were asking foreclosure had been paid by the transaction with the bank hereinbefore related. The special referee found in favor of their contention. The Circuit Judge overruled the report and ordered foreclosure, the proceeds to be applied in order to Middleton & Co.'s mortgage, to the Home Fertilizer Company's mortgage, and to the bank's mortgage. The bank and the fertilizer company appealed from this decree, but the same was affirmed by this Court on January 27, 1920: 113 S. C., 282, 102 S. E., 328. It appears that, notwithstanding the appeal, we assume by agreement, the land was sold under the foreclosure decree and brought $3,750; the proceeds being held by the clerk pending the appeal.

While the appeal was pending from the decree of foreclosure, the bank brought suit against the petitioner upon the $901.03 note which he had given to the bank, as he had intended, in satisfaction of the original note and mortgage given by the father, and which were wrongfully obtained

by the brother and assigned to Middleton & Co.   The peti-
tioner defended this action upon the ground that his land
had been sold and the proceeds applied to the payment of
the debt for which the note had been given; that is, the
original note and mortgage of the father to the bank.   Upon
the trial of that case Judge Townsend directed a verdict for
the bank, and from that judgment there has been no ap-
peal.   Execution was issued upon this judgment, and the
full amount collected from the petitioner.

After the remittitur in the case of *Middleton & Co. v.
Cockfield et al.,* 113 S. C., 282, 102 S. E., 328, had been
filed, the petitioner filed a petition in the said cause, claim-
ing to be subrogated in the proceeds of sale in the hands
of the clerk to the extent of the amount paid by him upon
the judgment of the bank on the $901.03 note.   Upon the
hearing on the petition Judge Rice dismissed the petition,
in an order which will be reported, and from that order
the petitioner has appealed.

The petitioner claims to be subrogated to the rights
of Middleton & Co. in the proceeds of sale under
foreclosure proceedings instituted by them, upon no
other ground than that, if Middleton & Co. be allowed to
take this fund, the petitioner, having paid the bank judg-
ment, will be compelled to pay the same debt twice.   In order
to entitle the petitioner to subrogation against the rights
of Middleton & Co. it must appear that he has discharged
a debt which Middleton & Co. were under an obligation to
discharge.   On the contrary, it appears that the petitioner
discharged his own debt to the bank, the note which he
gave to take up the mortgage, and that Middleton & Co.
were in no wise connected with that debt.   It is unfortunate
that the petitioner's misplaced confidence in his brother had
brought about a condition in which he loses his land and
has had to pay the bank's judgment, but that is a condition
for which Middleton & Co. are in no wise responsible.

Furthermore, the petitioner has had two opportunities to assert whatever rights he may have had in the matter. In the suit which Middleton & Co. brought to foreclose the father's mortgage the petitioner made default. In that action the other defendants raised the question that the giving of the $901.03 note amounted to a satisfaction of the original mortgage, and the petitioner was a witness for them in support of that contention. The Court decided against it. In the latter case, of the bank against him, he raised the same question, and it was again decided against him. He is therefore estopped from again contesting the matter.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WATTS did not participate on account of sickness.